UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Angelina C., on behalf of J.T.H.,

                              Plaintiff,                            19-CV-1019Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

## DECISION AND ORDER

        As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #19.

## BACKGROUND

        Plaintiff applied for supplemental security income ("SSI"), with the Social Security Administration ("SSA"), on October 15, 2015, alleging disability beginning January 1, 2014, at the age of 3, due to speech difficulties, delayed language, learning disability and difficulty with concentration. Dkt. #6, pp.56-57.

        On June 29, 2018, plaintiff appeared with counsel and testified at an administrative hearing before Administrative Law Judge ("ALJ"), William Manico. Dkt.

-2-

#6, pp.39-55. Plaintiff testified that her eight-year-old son was in second grade and had received speech therapy since the age of three or four, but continued to mix up his words. Dkt. #6, p.44. She believed that the ALJ would probably be able to understand him despite mispronunciations. Dkt. #6, p.44. She explained that his grades were all right, but he can't read. Dkt. #6, p.44. He sees a school counselor for anger issues and was placed on a smaller bus because he was arguing with other students and brought a knife onto the bus, which resulted in an in-school suspension. Dkt. #6, pp.45-46 & 48-50. Plaintiff testified that her son consistently puts his clothes on backwards, cannot tie his shoes and puts his shoes on the wrong feet. Dkt. #6, pp.46 & 52. He is easily distracted and needs assistance to complete his homework. Dkt. #6, pp.51-52. He does not like to share and fights with his older brother over toys all the time. Dkt. #6, p.53.

The ALJ rendered a decision that plaintiff was not disabled on August 17, 2018. Dkt. #6, pp.16-33. The Appeals Council denied review on June 3, 2019. Dkt. #6, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on August 2, 2019. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one

rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

An individual under the age of 18 will be considered disabled under the Social Security Act ("Act"), if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations and can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner must follow a three-step sequential evaluation to determine whether a child is disabled within the meaning of the Act. 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child is engaging in substantial gainful activity. 20 C.F.R. § 416.924(a) & (b). If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of impairments that is severe, *i.e.*, causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the ALJ finds a severe impairment or combination of impairments, the ALJ proceeds to step three and examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 416.924(d). To evaluate functional equivalence, the ALJ considers how the child functions in the following domains: (1) acquiring and using information; (2) attending

and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must cause marked limitations in two domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). A child has a marked limitation when the impairment or combination of impairments interferes seriously with the child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926(e)(2)(i).  A child has an extreme limitation when the impairment or combination of impairments interferes very seriously with the child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926(e)(3)(i).

In the instant case, the ALJ made the following findings with regard to the three-step sequential evaluation: (1) the child had not engaged in substantial gainful activity since the application date of October 15, 2015; (2) the child's speech and language disorder/speech delay and learning disorder constitute severe impairments; and (3) the child's impairments did not meet or medically or functionally equal any listed impairment, and the child was not, therefore, disabled within the meaning of the SSA. Dkt. #6, pp.22-33. More specifically, the ALJ determined that the child exhibited: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in ability to care for himself; and (6) no limitation in health and physical well-being. Dkt. #6, pp. 26-33.

Duty to Develop the Record

Plaintiff argues that the ALJ should have developed the record by obtaining the child's education and counseling records from Lackawanna Public Schools, where plaintiff moved in 2016, and that the non-examining source opinion based upon prior educational records was stale. Dkt. #13-1, pp.9-15.

The Commissioner responds that the record contains evidence from the 2017-2018 school year and plaintiff's counsel did not indicate to the ALJ that school records form Lackawanna Public Schools were missing. Dkt. #17-1, pp.10-12. The Commissioner argues that substantial evidence supports the ALJ's determination, based upon a variety of sources, that the child suffered less than marked limitations in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others. Dkt. #17-1, pp.14-16.

Plaintiff replies that the ALJ should have recognized the absence of records relating to the child's special education and counseling from Lackawanna Public Schools and discharged his duty to develop the record regardless of counsel's failure to provide them. Dkt. #18, pp.1-4.

During the course of the administrative hearing, the ALJ asked plaintiff's counsel if he had all of the relevant records. Dkt. #6, p.48. Plaintiff's counsel responded that records from Buffalo Public Schools were missing. Dkt. #6, p.48. The ALJ advised plaintiff's counsel that the records could be submitted after the hearing. Dkt. #6, p.48.

On July 5, 2018, plaintiff submitted additional records from Buffalo Public Schools for the period of September 1, 2016 through June 30, 2017. Dkt. #6, pp.524-537.

Although the ALJ should be able to rely upon counsel to obtain records relevant to their client's disability claim, it is well established that an ALJ has an affirmative obligation to develop the administrative record, regardless of whether a plaintiff is represented by counsel. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Sotososa v. Colvin*, 15-CV-854, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) (collecting cases). More specifically, the Commissioner's regulations obligate the ALJ to obtain information about how the claimant is functioning in school and any related educational reports. *Caldwell o.b.o J.W. v. Berryhill*, 15-CV-613, 2018 WL 1081009, at *2 (W.D.N.Y. Feb. 28, 2018), *citing* 20 C.F.R. § 416.924a. "[T]he failure to make reasonable efforts to obtain updated school records is cause for remand." *Collins o.b.o. J.T.C. v. Comm'r of Soc. Sec.*, 18-CV-6795, 2020 WL 1302311, at *2 (W.D.N.Y. Mar. 19, 2020) (collecting cases).

While the record does contain the child's report card from the third marking period of 2017, as well as a notation of the child's suspension for bringing a knife to school in his book bag, this evidence only serves to underscore the importance of obtaining updated information as to the child's current functional capacity. Dkt. #6, pp.521-523. Where, as here, the absence of educational records from the child's new school district may alter the analysis as to the severity of the child's impairment, remand is required. *See McCloud o..b.o T.N.M. v. Comm'r of Soc. Sec.*, 17-CV-611, 2019 WL 2135480, at *2 (W.D.N.Y. May 16, 2019) (collecting cases).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #13), is granted in so far as plaintiff seeks remand and the Commissioner's motion for judgment on the pleadings (Dkt. #17), is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
                **March 31, 2021**

                                             <u>s/ H. Kenneth Schroeder, Jr.</u>
                                             **H. KENNETH SCHROEDER, JR.**
                                             **United States Magistrate Judge**